### SULZBACHER v. DUPLEX ELECTRIC CO.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

MASTER AND SERVANT (§ 70*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION.

 Under a contract of employment which stipulates that the employé shall have a drawing account of $25 per week on a basis of 15 per cent. commission on sales, and that he shall "be advanced a drawing account of $25, with traveling expenses," the $25 a week is an advance, and not compensation in addition to the commission on sales.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 82–86; Dec. Dig. § 70.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Jerome Sulzbacher against the Duplex Electric Company, sued as the Electric Bank Protecting Company. From a judgment of the City Court of the City of New York for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Malcolm Sundheimer, of New York City, for appellant.

Jacob I. Berman, of New York City, for respondent.

BIJUR, J. Plaintiff sued on two causes of action. On the second, being in reference to a special transaction, the jury found for defendant. It need not be discussed, and is not involved in this appeal. The first cause of action was based on a contract between plaintiff and defendant reading, so far as material, as follows:

"It is my understanding that I continue my services as heretofore with a drawing account of $25 per week on a basis of 15 per cent. commission on the selling price of all contracts, * * * with the understanding that while I am employed by the company I am to be advanced a drawing account of $25, with whatever traveling expenses may be incurred while I am out of the city."

Plaintiff contended that under this contract he was entitled to 15 per cent. commission and a salary of $25 per week. The contract seems to me to be plain, unequivocal, and unambiguous, to the effect that the $25 a week was to be a "drawing account" and an "advance." Whether it was to be repaid by plaintiff absolutely, or only out of commissions earned, is a question that does not arise in this case. It certainly was not additional compensation. Even if we were in doubt on this subject, plaintiff's repeated receipts, uninterruptedly and consistently reciting this amount as "salary," would prove what his understanding in this respect was during the term of his employment; but, as I have indicated, the agreement requires no parol evidence to assist in its construction.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.